NO. 07-02-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 4, 2003

_____

ANGELO R. CARRILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431390; HONORABLE BILLY JOHN EDWARDS, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

OPINION

In three points of asserted error, appellant Angelo R. Carrillo challenges his conviction, after a guilty plea, of the felony offense of possession of a controlled substance

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

and the plea bargained punishment of seven years penal confinement, probated, and a $750 fine. In his points, he contends the trial court erred in denying his pretrial suppression motion because the affidavit in support of the application for a search warrant was not sufficient to show probable cause. Disagreeing that reversal is required, we affirm the judgment of the trial court.

The standard of review of a trial court's ruling on a motion to suppress is an abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In conducting our review, we give almost total deference to the trial court's determination of historical facts and review the court's application of search and seizure law *de novo. Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Here, the trial court did not make explicit findings of historical facts, so we review the evidence in a light most favorable to the trial court's ruling and assume that it made explicit findings of fact supported in the record. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). Appellate review of an affidavit in support of a search warrant, however, is not *de novo*, but rather, great deference is given to the magistrate's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause is determined from the four corners of the affidavit and the reasonable inferences drawn therefrom. *Cassias v. State*, 719 S.W.2d 585, 587-88 (Tex. Crim. App. 1986). The magistrate's task in evaluating an affidavit is to make a practical common sense decision whether, given the totality of the circumstances set forth in the affidavit,

there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Hennessy v. State*, 660 S.W.2d 87, 89 (Tex. Crim. App. 1983).

The affidavit (executed by Officer Robert Hook) submitted to obtain the search warrant in this case contained five paragraphs beginning with a description of a residence at 2122 Cornell Street in Lubbock. In the second paragraph of the affidavit, it was stated that the subject of the search would be cocaine and other controlled substances. In the third paragraph, appellant and Mary Ann Carrillo were named as being in possession of the residence, while in the fourth paragraph it was alleged that the Carrillos possessed and trafficked cocaine within a Drug Free Zone under the Health and Safety Code. A portion of the fifth paragraph read:

> (B) Within the last 24 hours Affiant was able to make an undercover purchase of a substance believed to be Cocaine from a subject. Affiant met with this subject and paid in advance for a quantity of Cocaine. The subject advised Affiant he/she had to travel to another location to receive the cocaine. This subject left Affiant and drove directly to this residence. Upon arriving, this subject went inside the residence, and exited a short time later. The amount of time the subject spent inside the residence was consistent with a narcotics transaction. The subject then left and drove a short distance to a pay phone, where a call was placed. After the call, this subject drove directly back to this residence and went inside again. When he/she arrived the second time, a 1991 Plymouth Van had arrived bearing Texas Registration DB28CX. After a short time, this subject left this residence and drove directly back to Affiant, where a quantity of cocaine was delivered to Affiant. This subject was kept under surveillance during this entire time and met with no other subjects. The substance purchased tested positive for cocaine using a Scott Reagent Field Test kit. Affiant is able to recognize Cocaine and other controlled substances.
>
> (C) Lubbock Power and Light records indicate a Virginia Carrillo as the resident of this address. Lubbock Police Department records indicate an

Angelo Rufus Carrillo and Mary Ann Carrillo as the residents of this address. The listed vehicle returns to Angel Rufus Carrillo at this resident [sic].

Even though the "subject" listed in the affidavit was later identified by name, our review is limited to the four corners of the affidavit. *Robuck v. State*, 40 S.W.3d 650, 653 (Tex. App.--San Antonio 2001, pet. ref'd). Our initial decision must be whether the affidavit should be treated as one based on information from a confidential informant or the officer's personal observation. In cases in which probable cause is based on information provided by anonymous informants and in "controlled buys" where police use a citizen as an active participant in a criminal investigation, courts necessarily treat the informant's information with a degree of suspicion.

Appellant argues that the "subject"[2] in this case was a confidential informant because she was not named and she provided information to the police used to support the affidavit for a search warrant. He contends the failure to establish the subject's credibility precludes reliance on her to establish probable cause. However, the two-prong test established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), which required the police to establish the credibility of confidential informants, was abandoned in favor of a totality of the circumstances test in *Illinois v. Gates*, 462 U.S. 213, 232-33, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The *Gates* Court instructed that the informant's credibility is only one of the factors to be considered. *Id.*

---

[2]Although referring to the person who dealt with Officer Hook and went to the house as the "subject" is somewhat awkward, we will use that reference in this opinion to be consistent with the references in the affidavit.

The State argues the legal requirements imposed upon police use of confidential informants are not applicable here because the subject was not working with the police during the events described in the affidavit. From a cursory reading of the affidavit, that fact is not apparent. However, it is the only conclusion that can be drawn from the statement that Hook made an "undercover purchase [of cocaine] from a subject." Indeed, appellant conceded as much at the hearing on his motion to suppress, in his brief, and in a motion to reconsider the suppression motion when he stated the subject "was not working as a police informant [,] [t]hus she was not searched at any time during the transaction." That being true, cases involving controlled buys are not applicable here.

Appellant also challenges the basis for the affidavit statement that the subject was watched moving between the locations as being necessarily based on hearsay inasmuch as Officer Hook stayed at the original location. There is nothing in the record, either in the affidavit or elsewhere, that established the distance from the location of the sale to the house, or that Hook could not have personally observed the subject's movements. Even ignoring the subject's hearsay statement, there are only two rational inferences that can be drawn from the subject's actions, namely 1) she went to the house to pick up the cocaine, or 2) she went to the house to make Hook believe that was where she obtained the cocaine.

If the subject was a confidential informer and knew Hook was a police officer, she might have been motivated to mislead Hook as to the source of the cocaine to absolve herself of liability or to get appellant in trouble for some unknown reason. This potential

5

to mislead police is the basis for the prophylactic measures taken in "controlled buy" situations. Although appellant argues the subject may have gone to the house to mislead Hook even without knowing he was a police officer, he does not suggest any plausible motive for doing so. Absent any indication that the subject knew Hook was a police officer, the magistrate could have reasonably concluded the likelihood that the subject's actions were the result of subterfuge were sufficiently low to support the conclusion that there was a "fair probability" cocaine was located in the house.

Appellant also contends that the absence of any showing that an occupant of the residence gave the subject the cocaine weighs against a finding of probable cause. We disagree. The question for the magistrate's decision was if there was a fair probability that cocaine could be found in the house rather than whether someone in the house gave it to the subject. His reliance on *Haas v. State*, 790 S.W.2d 609 (Tex. Crim. App. 1990), is misplaced. In *Haas,* the court held a showing that police found contraband on passengers of a car departing a storage facility did not justify a search of the facility. *Id.* at 612. However, in this case, the subject went to the house after offering to sell cocaine and delivered the substance after returning from the house. Thus, the facts before us are distinguishable from those before the *Haas* court.

Appellant identifies this court's unpublished opinion in *State v. DeLeon*, No. 07-95-0339-CR (Tex. App.--Amarillo Feb. 9, 1996, no pet.) (not designated for publication) as factually indistinguishable. Rule of Appellate Procedure 47 concerning publication and citation of opinions was revised effective January 1, 2003. Present Rule 47.7 now provides

6

opinions not designated for publication under the former rule "have no precedential value but may be cited with the notation, '(not designated for publication).'"[3] Relying on the former rule which was in effect at the time its brief was filed, the State does not discuss *DeLeon.*

We have not yet addressed the effect of the change in Rule 47 and are not aware of opinions from other courts directly addressing that issue. Initially, we note that the former rule not only provided that unpublished opinions have no precedential value, but it also forbade the citation of such opinions as authority by either counsel or by a court. The difference then is the citation of unpublished opinions is no longer forbidden. With regard to the provision as to precedential value, the Seventh Edition of Black's Law Dictionary contains a definition of precedent as "[a] decided case that furnishes a basis for determining later cases involving similar facts or issues." BLACK'S LAW DICTIONARY 1195 (7th ed. 1999). It goes on to define the terms "binding precedent" as precedent that a court must follow, and "persuasive precedent" as that which a court "may either follow or reject but that is entitled to respect and careful consideration." *Id.* It also explicates that precedent forms the core of the doctrine of *stare decisis* "under which it is necessary for a court to follow earlier judicial decisions when the same points arise again in litigation." *Id.* at 1414.

---

[3]Former Rule 47.7 provided: "Opinions not designated for publication by the court of appeals have no precedential value and must not be cited as authority by counsel or by a court."

7

By stating that unpublished opinions may be cited but have no precedential value, we perceive the intent of the rule to be that a court has no obligation to follow such opinions. The effect of the rule is to afford parties more flexibility in pointing out such opinions and the reasoning employed in them rather then simply arguing, without reference, that same reasoning. However, the court to whom an unpublished opinion is cited has no obligation to follow the opinion or to specifically distinguish such opinion. They may be cited merely as an aid in developing reasoning that may be employed by the reviewing court be it similar or different. Even so, we do not view Rule 47.7, or the former rule, as justifying unreasoned inconsistency on the part of an appellate court.

Here, appellant presented the *DeLeon* opinion to the trial court and argued that it was dispositive of the motion to suppress. The trial court reviewed the opinion and commented:

> . . . [A]lthough it's an unpublished opinion, it is interesting to see what the appellate court for this area would do. I do find that there are sufficient differences in that case than this case so that I'm not overly concerned [about] how they ruled in that particular case. . . . I think that . . . if they apply that same reasoning . . . to this case that this search will stand up.

The trial court correctly considered our opinion in *DeLeon* in the light by which such an opinion should be considered, namely, as a guide to the application of legal principles to the facts then before it. The trial court determined that the facts before it were factually distinguishable from the facts before the *DeLeon* court. We agree with that decision. To explicate why we agree, we must refer to those facts. In *DeLeon,* the affidavit used in

8

obtaining a search warrant showed that the person who offered cocaine to the officer there drove to a house on 21st Street in Lubbock, picked up a second person, drove to a convenience store where one of the people entered the store while the other drove to the defendant's house on 38th Street, also in Lubbock, and went into the house. After leaving the house, the driver picked up the second person at the convenience store and then returned to the officer to complete the sale. We held the trial court did not abuse its discretion in finding the affidavit did not establish probable cause to believe cocaine could be found at the defendant's house. *State v. DeLeon,* No. 07-95-0339-CR, slip op. at 4. There, the trial court was justified in believing that the fact that two suspects went to two different locations between the offer to sell and the delivery was too attenuated to show probable cause. That is not the case here, and the trial court acted within its discretion in overruling the motion to suppress.

Appellant's points of error are overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Publish.

9