In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00191-CR
______________________________


TOMMY RAY YOUNG, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 18,585-2004


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Tommy Ray Young appeals from his conviction by the trial court for deadly conduct. 
Young's punishment was enhanced as a habitual offender. The trial court sentenced
Young to thirty-five years' imprisonment. We dismiss Young's appeal for want of
jurisdiction.
          The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case
"[i]s a plea-bargain case, and the Defendant has NO right of appeal." Rule 25.2(a)(2)
states, in pertinent part: 
(2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter
a certification of the defendant's right of appeal in every case in which it
enters a judgment of guilt or other appealable order.
Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right to
appeal is not made a part of the appellate record, we must dismiss the case unless the
record affirmatively indicates that an appellant may have the right to appeal. Tex. R. App.
P. 25.2(d); see Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645,
649 (Tex. Crim. App. 2005); Dears v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). 
We have examined the clerk's record to determine whether the trial court's certification is
defective. See Dears, 154 S.W.3d at 613. Nothing in the record indicates the certification
is defective. This Court lacks jurisdiction over this appeal. 
          On December 28, 2005, we informed Young, by letter, of this apparent defect in our
jurisdiction and informed him that, if he did not show us how we have jurisdiction, within ten
days of the letter, his appeal would be subject to dismissal for want of jurisdiction. Young
has now requested an extension of thirty days to file a response to our letter. The motion
for extension contains no explanation of the need for an extension. We overrule Young's
motion for extension.
          We dismiss the appeal for want of jurisdiction.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 11, 2006
Date Decided:         January 12, 2006

Do Not Publish



In a case designated to be published, the Amarillo Court of Appeals suggests
that a reviewing court take guidance from unpublished cases "as an aid in developing reasoning that
may be employed . . . be it similar or different." Carrillo v. State, 98 S.W.3d 789, 794 (Tex.
App.-Amarillo 2003, no pet.).