NO. 07-11-00064-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 15, 2011

_____

RODRICK L. BIBBS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-429,100; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rodrick Bibbs, appeals his conviction[1] for the offense of possession with intent to deliver more than 200 grams but less than 400 grams of a controlled substance, cocaine, and sentence of incarceration for life.[2] We affirm.

_____

[1] Appellant entered an open plea of guilty to the indicted offense. However, he appeals the trial court's pre-trial ruling denying his motion to suppress the cocaine that was discovered in the search of 4637 Fordham.

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(e) (West 2010).

Background

On January 15, 2010, Lubbock Police Officer Daniel Boggs submitted an affidavit in support of a request for a search warrant for the premises located at 4637 Fordham in Lubbock. In this affidavit, Boggs stated that he had obtained information from confidential sources and other law enforcement officers that appellant is purported to be a distributor of cocaine in the Lubbock area. Boggs also stated that the confidential source, from which much of the information contained in the affidavit was obtained, has provided true information in the past.

Boggs's affidavit provided the following as evidencing probable cause to issue a search warrant of 4637 Fordham:

> Within the past seventy-two hours said CS [confidential source] was able to make a controlled purchase of crack cocaine from said residence. During this operation Investigators met with the confidential informant face to face. Said CS was searched prior to and after the controlled purchase. No illegal narcotics have been found on the CS any of the times he/she was searched. Constant surveillance was maintained on the CS during the transaction. The CS made contact with an unknowing participant. The unknowing participant told the CS that he/she needed to go get the crack from a house and the unknowing participant asked the CS if the CS would take him/her to his/her connection to get the crack cocaine. The surveillance team observed the unknowing participant get into the CS's vehicle. The surveillance team followed the CS and the unknowing participant directly to 4637 Fordham. Surveillance units observed the unknowing participant exit the CS's vehicle and go inside of 4637 Fordham. A few minutes later the unknowing participant exited the residence and got back in the vehicle with the CS. The unknowing participant gave the CS a quantity of crack cocaine. The unknowing participant did not stop at any other location or make contact with anyone prior to going to the residence. When the unknowing participant exited the residence he/she went directly back to the vehicle with the CS. Surveillance units then followed the CS and the unknowing participant back to the location where the source was picked up. After the completion of the transaction I took custody of the crack cocaine from the CS. . . .

The suspected cocaine that has been bought during the above controlled purchase tested positive for cocaine using a field test kit.

Based on the information contained within Boggs's affidavit, the Honorable William H. Sowder, as magistrate, issued a warrant to search 4637 Fordham. When this warrant was executed, 212.5 grams of cocaine, a set of scales, a plate that appeared to have cocaine residue on it, and a magazine for a firearm were found.

Appellant was indicted for the offense of possession with intent to deliver more than 200 grams but less than 400 grams of a controlled substance. The indictment further alleged that the offense was committed in a drug-free zone, and that appellant had twice been previously convicted of felony offenses. Prior to trial, appellant filed a motion to suppress all evidence obtained as a result of the execution of the search warrant. After the trial court held a hearing where it heard the arguments of counsel, it denied appellant's motion to suppress. The State waived its allegation that the offense was committed in a drug-free zone, and appellant entered an open plea of guilty to the offense and the habitual offender enhancements. The trial court found appellant guilty and sentenced him to incarceration for life. Appellant appeals the denial of his pre-trial motion to suppress evidence.

Appellant's sole issue on appeal is that, under the totality of the circumstances, there was no probable cause to support issuance of the search warrant for 4637 Fordham.

Standard of Review

The constitutions of the United States and the State of Texas guarantee individuals the right to be free from unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. However, a magistrate may issue a search warrant if a warrant request is supported by an affidavit that states probable cause. See Zarychta v. State, 44 S.W.3d 155, 165 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd). Whether the facts alleged in an affidavit sufficiently support the issuance of a search warrant depends on whether, considering the totality of the circumstances, those facts would justify a conclusion that the object of the search is probably on the premises. Ramos v. State, 934 S.W.2d 358, 362-63 (Tex.Crim.App. 1996).

Review of a magistrate's determination of probable cause to support the issuance of a search warrant does not include credibility determinations because the review is constrained to the four corners of the affidavit. Hankins v. State, 132 S.W.3d 380, 388 (Tex.Crim.App. 2004). However, review of a magistrate's decision to issue a warrant is afforded great deference because of our constitutional preference for searches to be conducted pursuant to a warrant as opposed to warrantless searches. Rodriguez v. State, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007) (citing Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). So long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination. Hughes v. State, 334 S.W.3d 379, 385 (Tex.App.—Amarillo 2011, no pet.) (citing Gates, 462 U.S. at 236). In other words, we will uphold the magistrate's issuance of a search warrant so long as the affidavit

4

provided sufficient information to allow the magistrate to make a practical, common sense decision that, given the totality of the circumstances set forth in the affidavit, there was a fair probability that contraband or evidence of a crime would be found in a particular place. Carrillo v. State, 98 S.W.3d 789, 791 (Tex.App.—Amarillo 2003, pet. ref'd).

Analysis

Appellant contends that the affidavit supporting the search warrant failed to establish probable cause to believe that contraband would be found at 4637 Fordham because the nature of the transaction relied upon was an uncontrolled buy. Appellant contends that the presence of the unknowing participant described in the affidavit interposed a layer between the confidential source and the transaction that renders reliance on the transaction as establishing probable cause misplaced.

This Court has previously addressed the argument raised by appellant, and has concluded that this type of "uncontrolled buy" may establish probable cause sufficient to support the issuance of a search warrant. See id. at 793. In Carrillo, an undercover officer met with a "subject" for the purpose of purchasing cocaine. Id. at 792. However, this subject informed the officer that she had to travel to another location to obtain the cocaine. Id. As the subject left the officer, she was observed driving directly to a residence, which she entered for a brief period of time. Id. Upon her exit from the residence, the subject drove to a pay phone where she placed a call. Id. The subject directly returned to the residence and went inside. Id. When the subject went to the

residence the second time, a van had arrived at the residence.[3] Id. After leaving the residence, the subject drove directly back to the officer to whom she delivered a quantity of cocaine. Id. The appellant in Carrillo argued that the subject may have gone to the residence to mislead the undercover officer as to the source of the cocaine, even if she did not know that he was an undercover officer. Id. at 793. This Court held that, "[a]bsent any indication that the subject knew [the undercover officer] was a police officer, the magistrate could have reasonably concluded the likelihood that the subject's actions were the result of subterfuge were sufficiently low to support the conclusion that there was a 'fair probability' cocaine was located in the house." Id. Further, we emphasized that the key question in reviewing the magistrate's decision was whether there was a fair probability that cocaine could be found in the residence rather than that any particular person had given the cocaine to the subject. Id.

In the present case, appellant makes the same argument that the appellant in Carrillo presented. Appellant contends that Carrillo was wrongly decided because, within the drug trade, such elaborate subterfuge and misdirection may be reasonably expected due to paranoia regarding possible police investigations or fear of other rival drug dealers being able to locate where the dealer stores his or her drugs. While we agree with appellant that it is possible that a drug dealer might employ such elaborate

---

[3] We identify the fact that a van arrived at the residence because the van's presence in Carrillo provides a plausible source of the cocaine other than the residence for which the search warrant issued. It does not appear that the appellant in Carrillo argued that the presence of the van affected the determination of whether the affidavit established probable cause to support the issuance of the search warrant for the residence. Regardless of whether such a fact would affect the propriety of the magistrate's probable cause determination, no such potential intervening source of the cocaine exists in the present case.

precautions, it is more logical to infer that the unknowing participant in this case went to 4637 Fordham to pick up the cocaine from that location. Thus, we conclude that the magistrate made a practical, common sense decision that, given the totality of the circumstances set forth in the affidavit, there was a fair probability that contraband or evidence of a crime would be found at 4637 Fordham. See id. at 791; see also State v. Walker, 140 S.W.3d 761, 767-68 (Tex.App.—Houston [14th Dist.] 2004, no pet.) (relying on Carrillo to reverse the suppression of evidence obtained via a search warrant issued based on an uncontrolled buy).

Appellant also contends that the affidavit supporting the search warrant issued in this case contains factual holes and conclusory statements that undermine the magistrate's determination of probable cause. However, the statements about which appellant complains relate to indications that appellant was known to be a drug dealer. Such statements have no bearing on the determination of whether probable cause existed in this case since the magistrate was called upon to determine whether there was probable cause to believe that contraband was located at 4637 Fordham rather than whether there was probable cause to believe that appellant was the source of the cocaine. See Walker, 140 S.W.3d at 767; Carrillo, 98 S.W.3d at 793.

For the foregoing reasons, we overrule appellant's sole issue.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.