

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00148-CR

RYAN M. TUTTLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-0911-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Ryan M. Tuttle was convicted of possession of methamphetamine in an amount less than one gram in Smith County.[1] Tuttle pled true to the State's enhancement allegations, was sentenced to seventeen years' imprisonment, and was ordered to pay $654.00 in court costs. The clerk's bill of costs demonstrates that a $300.00 attorney fee was included in the amount of court costs assessed by the trial court. In his sole point of error on appeal, Tuttle argues that the trial court erred in assessing $300.00 in attorney's fees because he is indigent and the record fails to demonstrate his ability to pay the fees. We agree. We modify the trial court's judgment to delete the $300.00 attorney's fee award and affirm the judgment as modified.

A claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees. This Article states,

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the

---

[1] Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

propriety of ordering reimbursement of costs and fees.'" *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

Here, the record established that Tuttle was found to be indigent before the trial of this matter. The State concedes that (1) Tuttle is indigent, (2) the record is devoid of any determination or finding by the trial court that he had financial resources or was able to pay the appointed attorney's fees, and (3) the $300.00 charge for attorney's fees was improper. Likewise, we conclude that the assessment of attorney's fees was erroneous and should be removed. *See generally Mayer*, 309 S.W.3d 552; *Shelton v. State*, No. 06-13-00049-CR, 2013 WL 4506984, at *1 (Tex. App.—Texarkana Aug. 22, 2013, no pet.) (mem. op., not designated for publication); *Taylor v. State*, No. 02-12-00106-CR, 2013 WL 978842, at *1 (Tex. App.—Fort Worth Mar. 14, 2013, pet. struck) (mem. op., not designated for publication).[2] We sustain Tuttle's sole point of error.

We modify the trial court's judgment to delete the $300.00 attorney's fee award, leaving a total of $354.00 in court costs assessed against Tuttle. We affirm the judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 27, 2014
Date Decided:       April 9, 2014

Do Not Publish

---

[2]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3