WERDEGAR, J.,
Dissenting. — The majority concludes a defendant may not rely on his Fifth Amendment rights as a basis for challenging the admission in the People’s case-in-chief of his postarrest, pre-Miranda[1] warning silence if he fails to affirmatively invoke those rights to police. Were I to reach the question, I would agree with my colleague Justice Liu’s analysis of the constitutional issue. (Dis. opn. of Liu, J., post, at pp. 1248-1254.) However, I conclude that by failing to make a timely and specific objection on this ground, defendant failed to preserve the issue for appellate review. Because I am unpersuaded by the majority’s explanation why it has chosen to resolve this case based on a claim that was forfeited in the trial court, I dissent.
I.
The evidence of defendant’s silence — that is, his failure to inquire after the welfare of the people in the car he crashed into — was twice placed before the jury. First, during Officer Price’s testimony, the prosecutor asked him, “when [defendant] made [his] request to go home, had he asked you any questions about the condition of the occupants in the Nissan?” Officer Price simply answered: “No.” Defendant interposed no Fifth Amendment objection. Later, when questioning Sergeant Bailey, the prosecutor asked him: “So, during any of this time [prior to defendant’s arrest at the police station, did] the *1238 defendant ever ask you about the occupants of the other vehicle?” Bailey replied: “No, he did not.” Again there was no Fifth Amendment objection.
The question of defendant’s silence was later raised during the prosecutor’s closing argument. During that argument, the prosecutor addressed the conflicting expert evidence that attempted to reconstruct defendant’s speed at impact, presumably because the greater the speed, the more likely the jury would find defendant was not merely negligent, but grossly so. The prosecutor argued that because defendant was travelling at more than twice the posted limit, the jury should infer that he did not care about the consequences of his actions. The prosecutor then said: “The next one I think is particularly offensive; he never, ever asked, hey, how are the people in the other car doing? Not once. . . . Now you step on somebody’s toe or you bump into someone accidentally, what is your first thing out of your mouth? Whoops. Pm sorry. I’m not saying that he has to say sorry as an expression of his guilt or as some kind of confession, but simply as an expression of his regret. Look, I’m sorry those people were hurt.
“Not once. Do you know how many officers he had contact with that evening? Not a single one said that, hey, the defendant asked me how those people were doing. Why is that? Because he knew he had done a very, very, very bad thing, and he was scared.” Defendant raised no objection to this argument.
II.
As a general rule, a timely and specific objection at trial to the admission of evidence is a necessary prerequisite before one may challenge on appeal the admissibility of the evidence. This rule of appellate procedure requiring the preservation of claims is one of both statutory (Evid. Code, § 353)[2] and decisional law (see, e.g., People v. Weaver (2001) 26 Cal.4th 876, 961 [111 Cal.Rptr.2d 2, 29 P.3d 103]). The same rule applies to appellate claims of prosecutorial misconduct: “ ‘As a general rule a defendant may not complain on appeal of prosecutorial misconduct unless in a timely fashion — and on the same ground — the defendant made an assignment of misconduct and requested that the jury be admonished to disregard the impropriety.’ ” (People v. *1239 Hill (1998) 17 Cal.4th 800, 820 [72 Cal.Rptr.2d 656, 952 P.2d 673]; see People v. Thompson (2010) 49 Cal.4th 79, 126 [109 Cal.Rptr.3d 549, 231 P.3d 289].)
This forfeiture rule, while subject to some exceptions,[3] serves an important function, for a timely and specific objection “provide[s] the trial court and any moving party the opportunity to meet and cure any defect to which an objection has been made.” (People v. Chaney (2007) 148 Cal.App.4th 772, 779 [56 Cal.Rptr.3d 128]; see People v. Williams (1997) 16 Cal.4th 153, 254 [66 Cal.Rptr.2d 123, 940 P.2d 710] [regarding claims of prosecutorial misconduct, the “primary purpose of the requirement that a defendant object at trial ... is to give the trial court an opportunity, through admonition of the jury, to correct any error and mitigate any prejudice”].)
When, as here, we decide a question of constitutional law, the rule requiring a timely and specific objection is animated by more than mere judicial efficiency or practicality. “As the United States Supreme Court reiterated, ‘A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.’ ” (Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 230-231 [45 Cal.Rptr.2d 207, 902 P.2d 225].) Lacking a true controversy before the court, considerations of judicial restraint direct that we not reach out to decide gratuitously unsettled questions of constitutional law. “ ‘It is well established that “we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us.” ’ ” (People v. Brown (2003) 31 Cal.4th 518, 534 [3 Cal.Rptr.3d 145, 73 P.3d 1137] [unanimous opinion of the court by Werdegar, J.].)
This reasoning gains additional force when, as here, an appellate court confronts a constitutional question whose answer is both difficult and unsettled. That the issue before us today has no easy answer is amply illustrated by an examination of the majority’s supporting legal authority. It relies on (1) a hopelessly fractured decision by the United States Supreme Court in which none of the three legal theories in play obtained the support of a majority of the justices {Salinas v. Texas (2013) 570 U.S._[186 L.Ed.2d 376, 133 S.Ct. 2174]); (2) a lower federal court case in which the evidence of the defendant’s prearrest silence was admitted without objection (Abby v. Howe (6th Cir. 2014) 742 F.3d 221); and (3) an unpublished memorandum opinion by an intermediate state court in Waco, Texas {Torres v. State (Tex.App., June 12, 2014, No. 10-12-00263-CR) 2014 Tex.App. Lexis 6354), a state whose *1240 own rules provide that unpublished cases have no precedential value (see Carrillo v. State (Tex.App. 2003) 98 S.W.3d 789, 794; see Tex. Rules of App. Proc., rule 47.7).
Given this uncertainty in the law, considerations of judicial restraint counsel that we decline to decide the merits of a case in which the aggrieved party forfeited the claim for appeal, for “[constitutional analysis should not be embarked on lightly and never when a case’s resolution does not demand it.” (People v. Giles (2007) 40 Cal.4th 833, 857 [55 Cal.Rptr.3d 133, 152 P.3d 433] (cone. opn. of Werdegar, J.).) We recently sounded this precise theme in Robey v. Superior Court (2013) 56 Cal.4th 1218 [158 Cal.Rptr.3d 261, 302 P.3d 574], a unanimous decision of the court: “Our admonition is rooted in principles of judicial restraint, which have particular salience when courts are confronted with unsettled constitutional issues. ‘ “In an emerging area of the law, we do well to tread carefully and exercise judicial restraint, deciding novel issues only when the circumstances require.” ’ ” (Id. at p. 1243, italics added.)
The majority’s decision to extend this court’s reach to expound on a forfeited claim is the antithesis of the light step I find appropriate in this case, and its explanation for the departure from proper appellate procedure is unpersuasive. That this court can limit its review to one of several issues decided by a lower court (Cal. Rules of Court, rule 8.516(a)(1) [“the Supreme Court may specify the issues to be briefed and argued”]), as the majority observes, does not speak to whether it is prudent to overlook a party’s forfeiture to reach out unnecessarily to decide that issue. That no party sought review of the forfeiture issue is of no moment; defendant certainly had no incentive to do so, as the Court of Appeal excused his omission to reverse his conviction. In any event, this court “may decide any issues that are raised or fairly included in the petition or answer” (Cal. Rules of Court, rule 8.516(b)(1)), and the question of forfeiture is fairly included in the Fifth Amendment issue presented in this case. Finally, the cases the majority cites in support of its choice to address the issue {Southern Cal. Ch. of Associated Builders etc. Com. v. California Apprenticeship Council (1992) 4 Cal.4th 422, 431, fn. 3 [14 Cal.Rptr.2d 491, 841 P.2d 1011]; People v. Weiss (1999) 20 Cal.4th 1073, 1076-1077 [86 Cal.Rptr.2d 337, 978 P.2d 1257]) hold merely that this court may choose to decide one of two or more potentially dispositive issues; significantly, neither case addresses a forfeited issue, the application of Evidence Code section 353, or the wisdom of overlooking a party’s failure to object.
Conclusion
Concerning the constitutional question of whether using a defendant’s postarrest, pre-Miranda warning silence against him violates his right against *1241 compelled self-incrimination under the Fifth Amendment, the majority makes the somewhat paradoxical choice to overlook defendant’s forfeiture of the issue in the trial court by his failure to object, in order to conclude he may have forfeited his Fifth Amendment rights at the scene by failing to invoke them. Justice Liu persuasively explains why the majority misconstrues Salinas v. Texas, supra, 570 U.S._[186 L.Ed.2d 376, 133 S.Ct. 2174], and that we should assume a person in that situation was choosing to remain silent in reliance on his or her rights under the Fifth Amendment. (Dis. opn. of Liu, J., post, at pp. 1251-1253.) I would join his opinion were the issue properly before this court. But because I find no plausible justification for overlooking defendant’s forfeiture of the issue in the trial court, I conclude we should decline to reach this difficult constitutional issue and should instead dismiss the case as improvidently granted. (Cal. Rules of Court, rule 8.528(b).) Because the majority has chosen to reach out and address an issue not properly before us, I dissent.

 Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602],

 Evidence Code section 353 provides: “A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless:
“(a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and
“(b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and that the error or errors complained of resulted in a miscarriage of justice.”

 See, e.g., People v. Hill, supra, 17 Cal.4th at page 820 (“A defendant will be excused from the necessity of either a timely objection and/or a request for admonition if either would be futile.”).