

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00205-CR

WILLIE LEE HARPER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2011F00168

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

# O P I N I O N

Willie Lee Harper, Jr., failed in his pretrial motion to suppress crack cocaine found in his possession in Cass County during a routine traffic stop.[1]  At his subsequent jury trial on two crack-related charges,[2] each time the State tendered the cocaine or a certain related item into evidence, Harper's counsel affirmatively stated that he had "no objection" to the item being admitted into evidence.[3]

In his sole issue on appeal, Harper argues that the trial court erred in denying his motion to suppress the crack cocaine.  Specifically, Harper argues that the search of his person was improper because the officer had no "reason to believe that he [wa]s dealing with an armed and dangerous individual." *Terry v. Ohio*, 392 U.S. 1, 27 (1968).  Because Harper failed to preserve his sole issue on appeal, we affirm the trial court's judgment.

Generally, to preserve error on appeal after a pretrial motion to suppress evidence is overruled, the defendant need not later object at trial to the same evidence. *Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).  But when a defendant affirmatively asserts during trial that he or she has no objection to the admission of the complained-of evidence, he or she forfeits any error in the

---

[1]It is undisputed that the traffic stop was lawful.

[2]The charge addressed in this appeal alleged that Harper tampered with some of the crack cocaine.  The other charge, handled in appeal numbered 06-13-00206-CR decided today, alleged that Harper possessed 2.11 grams of crack cocaine.  The jury found Harper guilty of both offenses.  Pursuant to a finding of "true" to the State's enhancement allegations, Harper was sentenced to twenty-five years' imprisonment on each charge, to run concurrently.

[3]Among the exhibits, which were admitted after Harper affirmatively stated "no objection" to admitting each, were a video recording of the encounter, a photograph of crack cocaine Harper had "stomped" into the pavement, a pill bottle containing other crack cocaine, and the laboratory report establishing the substance as crack cocaine weighing 2.11 grams.

admission of the evidence despite the pretrial ruling unless the "record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Thomas*, 408 S.W.3d at 885–86 (holding that "if from the record as a whole the appellate court simply cannot tell whether an abandonment was intended or understood," an "affirmative 'no objection' statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood"); *see Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2005); *Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); *Moraguez*, 701 S.W.2d at 904.

Here, the trial court denied Harper's suppression motion after a full evidentiary pretrial hearing, and then a jury trial was conducted on the issue of guilt. During his opening statement, Harper described the damning evidence which he had previously sought to suppress. At the trial's commencement, Harper (1) agreed that a controlled substance was found during the officer's search, (2) asked the jury to consider whether cocaine was being consumed only for personal use,[4] and (3) informed the jury that they would see the video recording of the arrest, which depicted the stomping motion made by Harper after the cocaine fell to the ground. At trial, Harper affirmatively represented to the court that he had no objection to the admission of the four items demonstrating his attempt to destroy certain crack cocaine in his possession and his possession of other crack cocaine.

---

[4]Counsel stated in opening, "I submit to you that it's going to be—the evidence is going to show that it was a very small quantity, about two grams."

Harper did not inform the trial court that his acquiescence to the admission of these items of evidence was subject to the arguments he had previously made in his suppression motion. The trial court did not state anywhere that it understood the suppression issue to be preserved for appeal in spite of Harper's affirmative statement that he had "no objection" to the admission of the State's evidence. Our review of the entire record reveals nothing contradicting Harper's apparent intention to fully relinquish his previous challenge to the evidence and nothing inconsistent with the trial court's acceptance of that full relinquishment. *See Robinson v. State*, No. 06-09-00225-CR, 2012 WL 6518935, at *2 (Tex. App.—Texarkana Dec. 13, 2012, no pet.) (mem. op., not designated for publication).[5] In fact, Harper's trial tactic of emphasizing the relatively small amount of cocaine in the pill bottle lends support to such full relinquishment.

---

[5]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

Because defense counsel specifically stated that he had no objection to the admission of the State's evidence and because the record does not plainly indicate an intention not to abandon the claim of error, the issue has not been preserved for review.[6] Consequently, we affirm the trial court's judgment.[7]

Josh R. Morriss, III
Chief Justice

Date Submitted: August 19, 2014
Date Decided: August 29, 2014

Publish

---

[6]Harper argued that the State's evidence was illegally obtained in his closing argument to the jury, and the issue of the legality of the search was submitted to the jury. Even though an affirmative statement of "no objection" waives the right to complain of the admissibility of evidence, the defendant may still receive a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure if the evidence raises a contested factual issue that is material to the lawfulness of obtaining evidence. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005); *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008). The issue involved in a motion to suppress is distinct from the issue submitted to the jury; "one is a legal question of admissibility for the judge and the other is a question of disputed fact for the jury's consideration and resolution." *Holmes*, 248 S.W.3d at 196; *see Robinson*, 2012 WL 6518935, at *2, n.1. Therefore, Harper's argument and jury submission did not revive the issue of whether the search was illegal as a matter of law.

[7]After trial, Harper filed a "Motion for Reconsideration/Motion for New Trial" in an attempt to revive the arguments made in his suppression motion. A trial judge may always reconsider a previous ruling. However, because Harper's motion for reconsideration was overruled by operation of law, it was insufficient to show that the trial judge did not construe a "no objection" response as a waiver of Harper's objections to the admission of the evidence. *See Robinson*, 2012 WL 6518935, at *2 (distinguishing *Bouyer v. State*, 264 S.W.3d 265, 268 (Tex. App.—San Antonio 2008, no pet.)).

5