

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00036-CR

QUINTON JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42425-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Quinton Jackson[1] entered an open plea of guilty to the offense of injury to a child. Following a hearing on October 17, 2013, the trial court placed Jackson on deferred adjudication community supervision for a period of ten years. After Jackson entered a November 14, 2014, stipulation acknowledging as "true" allegations that he had violated the conditions of his community supervision on three occasions, the trial court revoked Jackson's community supervision, adjudicated his guilt, sentenced him to ten years' imprisonment, and ordered him to pay an $890.00 fine.

In his sole issue on appeal, Jackson argues that the trial court erred in failing to hold a separate hearing on punishment following the decision to adjudicate guilt. Because Jackson failed to preserve his sole point of error for our review, we affirm the trial court's judgment.

At the end of the revocation hearing, the trial court adjudicated Jackson's guilt and sentenced him to ten years' imprisonment. Jackson argues that the court erred in failing to hold a separate punishment hearing because it denied him the opportunity to present punishment evidence. In making this argument, Jackson relies on *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam), which held that a defendant is entitled to a punishment hearing after an adjudication of guilt.

However, preservation rules apply to Jackson's complaint. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). Thus, Jackson was required to raise his complaint "to the trial court by a timely request,

[1]Also sometimes known as "Quentin Darrell Snoody."

2

objection, or motion that . . . stated the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ."  TEX. R. APP. P. 33.1(a)(1)(A).  In *Issa*, the complaint that the trial court erred in failing to conduct a separate punishment hearing was specifically preserved in a motion for new trial.  *Issa*, 826 S.W.2d at 161. Jackson readily admits, and our review of the record confirms, that he made no objection in the trial court to the lack of a separate punishment hearing.[2]  Accordingly, we find that Jackson failed to preserve his sole point of error and overrule it.[3]

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     September 8, 2015
Date Decided:      September 9, 2015

Do Not Publish

---

[2]Although Jackson filed a motion for new trial, the generalized language of the motion does nothing to apprise the trial court of the nature of Jackson's complaint as raised before this Court.

[3]*See Moore v. State*, No. 06-14-00209-CR, 2015 WL 1448389, at *1 (Tex. App.—Texarkana Mar. 31, 2015, no pet.) (mem. op., not designated for publication) (citing *Kinslow v. State*, No. 06-14-00083-CR, 2014 WL 7204556, at *1 (Tex. App.—Texarkana Dec. 19, 2014, pet. ref'd) (mem. op., not designated for publication)).  We may take guidance from these unpublished cases "as an aid in developing reasoning that may be employed."  *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3