

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00128-CR

_____

BRANDON LYNN POPE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. 0921399

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In the State's motion to adjudicate the guilt of Brandon Lynn Pope for aggravated sexual assault of a child,[1] it was alleged, among other things, that Pope left the county without his community supervision officer's approval and failed to report to that officer from June 2012 until March 2016. After Pope pled true to these specific allegations, the trial court adjudicated Pope's guilt, sentenced him to thirty-nine years' imprisonment, and ordered him to pay a $2,000.00 fine.

On appeal,[2] Pope argues that the trial court erred in admitting statements that he made to an examiner during a polygraph examination that Pope was required to undergo as a term and condition of his community supervision. Andy Sheppard, the polygraph examiner, testified that a polygraph examination includes three phases, including pretest, "in test," and post-test phases. Sheppard testified that, in the pretest phase, before being attached to the polygraph machine, Pope admitted to viewing pornography and consuming both alcohol and marihuana on several occasions.[3] These admissions provided the basis for additional allegations in the State's motion to proceed with adjudication of guilt, to which Pope pled not true. After hearing Sheppard's testimony, the trial court also found these allegations to be true.

---

[1]Pursuant to a negotiated plea agreement, Pope had been placed on deferred adjudication community supervision for a period of ten years and had been ordered to pay a $2,000.00 fine. Several years later, the State filed its motion to proceed with adjudication of Pope's guilt.

[2]In our companion cause number 06-16-00129-CR, Pope also appeals from the trial court's decision to adjudicate his guilt on another count of aggravated sexual assault of a child.

[3]Pope also argues that the trial court erred in considering these statements in the absence of a warning that the statements made during the examination could be later used against him. This argument was not made to the trial court and has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

2

Citing to *Leonard v. State*, which reiterated that the results of a polygraph examination are "inadmissible over proper objections because the tests are unreliable," Pope argues that the trial court abused its discretion in allowing Sheppard's testimony. *Leonard v. State*, 385 S.W.3d 570, 578 (Tex. Crim. App. 2012).[4] In response, the State argues that Sheppard did not testify about the results of the examination, but to Pope's pretest admissions, which were admissible into evidence.

"A party's admission made during the course of a polygraph examination is generally admissible" in a revocation proceeding. *Harty v. State*, 229 S.W.3d 849, 851 n.2 (Tex. App.—Texarkana 2007, pet. ref'd) (citing *Marcum v. State*, 983 S.W.2d 762, 766 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd)); *see* 22 TEX. JUR. 3d *Criminal Procedure: Trial* § 795.[5] "We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion." *Hammack v. State*, 466 S.W.3d 302, 304 (Tex. App.—Texarkana 2015, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016). The State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of a single violation of a condition of deferred adjudication community supervision is sufficient to support a trial court's order of revocation. *Moore v. State*, 605 S.W.2d 924, 926

---

[4]In *Leonard*, the Texas Court of Criminal Appeals reversed a trial court's decision to adjudicate guilt based on a psychotherapist's decision to discharge Leonard from a therapy program "because he had failed five polygraphs." *Leonard*, 385 S.W.3d at 572–73.

[5]*See also Burnham v. State*, No. 06-10-00038-CR, 2010 WL 5140777, at *4 (Tex. App.—Texarkana Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication). Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3

(Tex. Crim. App. [Panel Op.] 1980).  Thus, when an appellant does not challenge every ground found true by the trial court for adjudicating guilt, "nothing is presented for review."  *Id.*

Because Pope does not challenge all of the trial court's violation findings, we must conclude a preponderance of the evidence supported the trial court's findings with respect to those unchallenged violations—which in this case were that Pope left the county without his community supervision officer's approval and failed to report to him from June 2012 until March 2016.  These violations are, by themselves, sufficient to support the trial court's judgment.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 30, 2016
Date Decided:       January 27, 2017

Do Not Publish

4