

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00070-CR

_____

CHARLES ANTHONY NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 369th District Court
Cherokee County, Texas
Trial Court No. 20829

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Although Charles Anthony Nelson, charged with assaulting a peace officer in Cherokee County,[1] was found not guilty by reason of insanity, the trial court found that Nelson, in the course of the charged actions, had placed another person in imminent danger of serious bodily injury and committed Nelson to in-patient mental health treatment for 180 days. On appeal, Nelson argues that his act of biting the deputy's finger had not placed the deputy in imminent danger of serious bodily injury.[2] Because sufficient evidence supports the trial court's finding, we affirm.

It is undisputed that Nelson has a long history of mental illness and has been diagnosed with schizoaffective disorder. According to psychiatrist Satayajeet Lahiri, Nelson's "psychoses center[] around his paranoid delusions of people in the woods trying to shoot him or persons on the roof of his house." It is undisputed that Nelson "becomes disconnected with reality and becomes agitated" as a result of psychotic episodes and that the offense in this case was committed while Nelson was in the grasp of a psychotic episode. Accordingly, Nelson was found not guilty by reason of insanity.

Because of the insanity finding, the trial court was required to determine "whether the charged offense involved conduct that (1) caused serious bodily injury to another person, (2) placed another person in imminent danger of serious bodily injury, or (3) consisted of a threat

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]This finding is appealable notwithstanding Nelson's acquittal. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.270(a)(2)(B).

of serious bodily injury to another person through the use of a deadly weapon." *See* TEX. CODE CRIM. PROC. ANN. art. 46C.157. Here, the trial court determined that Nelson placed a peace officer in imminent danger of serious bodily injury, prompting a disposition hearing,[3] from which the questioned commitment order resulted. On appeal, Nelson questions only whether the Article 46C.157 ruling was proper.

Whereas Article 46C.256 determinations—not challenged in this appeal—are governed under the clear and convincing standard of review, an Article 46C.157 determination—at issue here—is not. *Compare Truong v. State*, 574 S.W.3d 511, 519 (Tex. App.—Houston [1st Dist.] 2019, no pet.), *with Scott v. State*, No. 10-16-00370-CR, 2017 WL 3183285, at *1 (Tex. App.— Waco July 26, 2017, no pet.) (mem. op.).[4] An Article 46C.157 finding involves a mixed question of law and fact. *See Scott*, 2017 WL 3183285, at *1.

When reviewing a trial court's ruling on a mixed question of law and fact, we review de novo the application of the law to the facts, but we afford almost total deference to the trial

---

[3]The disposition hearing is to determine, from clear and convincing evidence, whether

    (1)     the person has a severe mental illness or mental retardation;

    (2)     the person, as a result of that mental illness or mental retardation, is likely to cause serious bodily injury to another if the person is not provided with treatment and supervision; and

    (3)     inpatient treatment or residential care is necessary to protect the safety of others.

TEX. CODE CRIM. PROC. ANN. art. 46C.256(a). An order for commitment to inpatient treatment expires on the 181st day after the date the order is issued, but it is subject to renewal as provided by statute. TEX. CODE CRIM. PROC. ANN. art. 46C.256(c). As a result of the disposition hearing, the trial court found that the State met its burden under Article 46C.256. Nelson does not contest those findings.

[4]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Fowler v. State*, 553 S.W.3d 576, 582 n.6 (Tex. App.—Texarkana 2018, no pet.) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

court's evaluation of the credibility and demeanor of witnesses. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *see Scott*, 2017 WL 3183285, at *1. If the resolution of the issue does not turn on credibility and demeanor, we review the ruling on a de novo basis. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

"Serious bodily injury" is defined as "bodily injury that . . . causes . . . serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (Supp.). The State does not argue that Nelson caused serious bodily injury. Instead, the issue before us is whether the trial court properly found that Nelson placed a peace officer in imminent danger of serious bodily injury.

Brittany Storm, a dispatcher with the Cherokee County Sheriff's Office, testified that she dispatched peace officers to Nelson's home after he called to report people trespassing in his woods. Deputy Houston Munsinger testified that he was on the way to Nelson's home with another officer when they both received information that Nelson's girlfriend was being held hostage by him. When Munsinger told Nelson he planned to detain him as a result of his girlfriend's report, Nelson became agitated, yelled, and resisted arrest.

Munsinger testified that Nelson began fighting, would not allow the officers to grab his hands, and bit Munsinger's finger, "ripp[ing] the skin off." Munsinger described the bite as "[m]ore of a chomp, because [Nelson] didn't let go," and testified that he "yanked" his finger out of Nelson's mouth with difficulty. The State introduced pictures of the bite mark, showing lacerations to both sides of Munsinger's pointer finger at his knuckle between the middle and proximal phalanges. Munsinger was treated by emergency medical services on the scene and went

4

to a doctor two days later who, according to Munsinger, "said that [the laceration] went deep enough to where it could get [Munsinger's] knuckle infected." Munsinger testified that he could not use his finger "for a couple of days" and that the doctor prescribed antibiotics to prevent an infection.

When considering whether an injury constitutes serious bodily injury, we do "not consider the amelioration or exacerbation of an injury by actions not attributable to the offender, such as medical treatment." *Blea v. State*, 483 S.W.3d 29, 35 (Tex. Crim. App. 2016). Also in determining this question, we will not credit Nelson with defensive measures taken by Munsinger that may have ameliorated the potential severity of the injury. *See id.* The trial court heard evidence that Nelson "chomped down" on Munsinger's finger while fighting him and would not release his bite. The bite marks on Munsinger's finger were deep enough to threaten infection, which was prevented by antibiotics. In light of this testimony, the trial court could have concluded that Munsinger's injuries would have been worse had he not struggled to free his finger from Nelson's bite and could have led to the protracted loss or impairment of the function of his pointer finger. *See Henderson v. State*, No. 13-14-00619-CR, 2016 WL 3962675, at *3 (Tex. App.—Corpus Christi July 21, 2016, no pet.) (mem. op., not designated for publication) (possibility of infection sufficient to find human bite to forehead capable of causing bodily injury or death); *Jimenez v. State*, No. 07-04-0044-CR, 2005 WL 1743792, at *2 (Tex. App.—Amarillo July 25, 2005, pet. ref'd) (mem. op., not designated for publication) (defendant's teeth constituted deadly weapon when used to bite officer's finger, drawing blood, given evidence of risk of infection); *Degrate v. State*, No. 05-04-00218-CR, 2005 WL 165182, at *2 (Tex. App.—Dallas Jan. 26, 2005, no pet.)

(mem. op., not designated for publication) (human bite constituted deadly weapon when used to bite victim's leg, drawing blood); *Castillo v. State*, No. 05-01-01725-CR, 2003 WL 42405, at *2 (Tex. App.—Dallas Jan. 7, 2003, pet. ref'd) (mem. op. not designated for publication) (loss of fingertip as result of human bite constituted serious bodily injury).  Accordingly, we conclude that the trial court's finding was properly supported by the evidence.  We overrule Nelson's sole point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    July 17, 2019
Date Decided:    July 25, 2019

Do Not Publish