

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00075-CR

_____

IN RE KIM WAYNE BURDEN

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Kim Wayne Burden has filed a petition for a writ of mandamus asking this Court to compel the trial judge of the 8th Judicial District Court of Delta County, Texas, to rule on six motions filed with the district clerk. Because Burden has failed to show that any of the motions were first presented to the trial court, we deny his petition.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

"A trial court is required to consider and rule on a properly filed motion within a reasonable period of time once a ruling has been requested." *In re Smith*, No. 06-18-00003-CR, 2018 WL 508324, at *1 (Tex. App.—Texarkana Jan. 23, 2018, orig. proceeding) (mem. op., not designated for publication).[1] Even so, "before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act." *In re Burden*, No. 06-20-00111-CR, 2020 WL 6325062, at *1 (Tex. App.—

---

[1]"Although unpublished cases have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

Texarkana Oct. 29, 2020, orig. proceeding) (mem. op., not designated for publication) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)). As a result, to show entitlement to mandamus relief for refusal to rule on a motion, "a relator must establish that '(1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule.'" *In re Smith*, 2018 WL 508324, at *1 (quoting *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding)). "Merely filing a motion or letter with the clerk does not impute knowledge to the trial court." *Id.* (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). Rather, the record must show that it was "presented to the trial court for ruling." *In re Frey*, No. 06-20-00036-CR, 2020 WL 1145535, at *1 (Tex. App.—Texarkana Mar. 10, 2020, orig. proceeding); *see In re Burden*, 2020 WL 6325062, at *1.

The record attached to Burden's petition includes file-marked copies of six motions.[2] Absent from the record is any proof that those motions were brought to the attention of the trial court, as required. Because "[s]howing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling," Burden has not shown that he requested a ruling on the motions or that the trial court refused to rule on them. *Id.*

We find that Burden has not provided this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Burden*, 2020 WL

---

[2]The record shows that Burden filed the following: (1) a February 22, 2022, file-marked motion for evidentiary hearing, (2) a February 23 file-marked motion requesting judicial notice, (3) a March 3 file-marked motion to vacate sentence, (4) an April 13 file-marked second addendum to the motion to vacate sentence, (5) a May 16 file-marked third addendum to the motion to vacate or modify the sentence, and (6) a May 16 file-marked motion to compel. The record also includes a motion for a speedy trial that was not file-marked.

6325062, at *1; *In re Frey*, 2020 WL 1145535.  As a result, we deny Burden's petition for a writ of mandamus.


                                        Charles van Cleef
                                        Justice

Date Submitted:     May 31, 2022
Date Decided:       June 1, 2022

Do Not Publish