

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00009-CR

---

WILLIAM MELVIN EDWARDS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 16-23,249

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

After William Melvin Edwards, Jr., entered an open plea of guilty to driving while intoxicated with a child passenger,[1] the 52nd Judicial District Court of Coryell County[2] found Edwards guilty, sentenced him to fifteen months' confinement in state jail, and assessed him court costs of $414.00 and attorney fees of $500.00 for his court-appointed attorney. On appeal, Edwards contends that there is insufficient evidence to support the assessment of attorney fees and that the trial court erred in assessing an excessive jury fee and a time payment fee, and in reciting that the conviction was the result of a plea bargain. We will modify the trial court's judgment by removing the purported terms of a plea bargain, removing the assessment of attorney fees, removing the incorporation of Attachment A to the judgment, and reducing the assessment of costs to $412.00. As modified, we will affirm the judgment.

## I.     No Plea Bargain Agreement

Under the section titled "Terms of Plea Bargain," the trial court's judgment of conviction recites, "OPEN PLEA; FIFTEEN (15) MONTHS TDCJ-STATE JAIL DIVISION; $414 COURT COST; $500 ATTORNEY FEE." In his fourth point of error, Edwards argues that since his conviction resulted from an open plea, the trial court's judgment should be modified to remove all of the language under this section. The State agrees that there was no plea bargain in this case.

---

[1]*See* TEX. PENAL CODE ANN. § 49.045 (West 2011).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

After reviewing the record, we agree. The record shows that Edwards pled guilty under an open plea. Further, nothing in the record supports the implication in this section that Edwards agreed to the punishment, or to the assessment of court costs and attorney fees. An appellate court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). This includes removing all language in the judgment incorrectly reflecting that the matter was submitted to the trial court pursuant to a plea bargain. *See Jones v. State*, No. 06-12-00195-CR, 2013 WL 1933007, at *3 (Tex. App.—Texarkana May 9, 2013, no pet.) (mem. op., not designated for publication).[3] Therefore we modify the judgment to remove all of the language under the "Terms of Plea Bargain" section.

## II. Indigent Attorney Fees

In his first point of error, Edwards challenges the sufficiency of the evidence supporting the imposition of attorney fees. The State does not contest this issue and agrees that attorney fees cannot be assessed against an indigent defendant unless there is evidence and a finding that he is no longer indigent. We agree. Before an indigent defendant may be ordered to pay the costs of his court-appointed attorney, the trial court must determine and find that he "has the financial resources that enable the defendant to offset" the cost of his appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim.

---

[3]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

App. 2013); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Further, the record must show a factual basis to support the trial court's determination. *See Cates*, 402 S.W.3d at 251–52. In addition, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* at 251 (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2016)). In this case, there was a determination by the trial court that Edwards was indigent, and there was never a finding by the trial court that he was able to pay any of the costs of his appointed counsel. Therefore, there is no factual support in the record to sustain the imposition of attorney fees in the judgment. *Id.* at 252.

Consequently, in order to make the judgment speak the truth, we modify the judgment by removing any language imposing attorney fees. Further, we note that the judgment provides, "Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof." As Edwards points out, Attachment A purports to be an order to withdraw funds and recites that the amount of court costs, fees, fines, or restitution equals $914.00. Since there were no fines or restitution ordered by the trial court, this amount necessarily includes the $500.00 in attorney fees and $414.00 in other costs assessed in the judgment. Therefore, since the purported order to withdraw funds was incorporated into the judgment, in order to modify the judgment, it would also be necessary to modify that order.

However, the order to withdraw funds is not signed by the district judge. Rather it is signed by the district clerk. The order purports to be entered pursuant to Section 501.014 of the Texas Government Code. Although Section 501.014 authorizes a district court to enter an order to

4

withdraw funds, it does not authorize a district clerk to do so. TEX. GOV'T. CODE ANN. § 501.014(e) (West Supp. 2016). Since Section 501.014 does not authorize the district clerk to enter an order to withdraw funds, it is void. Therefore, we need not modify that order. However, since the order to withdraw funds is void, and since it would be improper for the judgment to incorporate a void order, we modify the judgment by removing the language incorporating Attachment A.

## III.    Jury Fee

The bill of costs in this case shows that the costs included a $6.00 jury reimbursement fee. In his second point of error, Edwards asks this Court to modify the judgment to reflect the statutorily authorized amount of $4.00. The State does not contest this issue. With two exceptions not applicable in this case, Article 102.0045 of the Texas Code of Criminal Procedure provides that a person convicted of an offense shall pay, as court costs, a fee of $4.00 for the reimbursement of juror services. TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2016). Only those costs of court authorized by statute may be assessed against a defendant. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Since the judgment of conviction included an excessive fee for reimbursement of juror services, we modify the judgment by reducing the costs by $2.00.

## IV.    Time Payment Fee

In his third point of error, Edwards argues that the costs of court shown in the judgment improperly included a $25.00 time payment fee. Edwards argues that the time payment fee is statutorily authorized only if the defendant "pays any part of a fine, court costs, or restitution on or after the 31st day after the day on which" the judgment assessing the fine, court costs, or

restitution is entered. TEX. LOC. GOV'T CODE ANN. § 133.103(a)(2) (West 2008). Since the judgment was entered on the same day as his conviction, Edwards reasons that the statutorily required condition for assessing the time payment fee had not accrued. Thus, he argues, there is no factual basis to assess that fee. We disagree.

"[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson*, 423 S.W.3d at 390. "[W]hen a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Id.* at 389.

Edwards acknowledges that Section 133.103(a) provides a statutory basis for the assessment of the time payment fee, but argues that the facts in the record do not support its premature assessment. Essentially the same argument was made in *Davis v. State*, No. 04-13-00413-CR, 2013 WL 5950128 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op., not designated for publication), and in *Perez v. State*, No. 07-12-00451-CR, 2014 WL 2191995 (Tex. App.—Amarillo May 23, 2014, pet. ref'd) (mem. op., not designated for publication).[4] In holding that the trial court properly assessed the time payment fee, the San Antonio Court of Appeals pointed out that the bill of costs allowed Davis to pay the court costs 120 days after her release from prison, and that nothing in the record showed that she had paid her costs before the thirty-first day after the judgment was signed. *Davis*, 2013 WL 5950128, at *1. Likewise, the Amarillo Court of Appeals upheld the assessment of a time payment fee when the bill of costs dated two

---

[4]*See supra* note 3.

days after the judgment was entered showed a balance owed of $70.00 and noted that since the time payment fee is legislatively mandated, it is not subject to an evidentiary sufficiency challenge. *Perez*, 2014 WL 2191995, at *3 (citing *Johnson*, 423 S.W.3d at 389–90).

In this case, the judgment of conviction ordered that Edwards be immediately remanded to the custody of the sheriff of Coryell County and then delivered to state jail for his fifteen month sentence. It further provided that upon release from confinement, Edwards was ordered to proceed to the district clerk's office to pay any remaining court costs. Further, in determining whether there is a factual basis for the assessment of costs, we may request the district clerk to supplement the record with a current bill of costs. *See Cook v. State*, No. 10-12-00204-CR, 2014 WL 1016242, at *1 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication)[5] (citing *Johnson*, 423 S.W.3d at 391–92). The district clerk has supplemented the record with a bill of costs dated July 18, 2017, which shows a balance remaining, after reduction of the attorney fees and juror reimbursement fee, of $412.00. We find that the assessment of the time payment fee has a factual basis in the record. We overrule Edwards' third point of error.

_____

[5]*See supra* note 3.

For the reasons stated, we modify the judgment by (1) removing all of the language under the "Terms of Plea Bargain" section, (2) removing any language assessing attorney fees, (3) removing the language incorporating Attachment A, and (4) reducing the assessed court costs to $412.00.  As modified, we affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:      June 26, 2017
Date Decided:        August 1, 2017

Do Not Publish