

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00057-CR

_____


MEKA LOVELL SPENCER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 369th District Court
Cherokee County, Texas
Trial Court No. 20067


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On May 5, 2016, Meka Lovell Spencer pled guilty to burglary of a habitation, the adjudication of his guilt was deferred, and he was placed on community supervision. The order of deferred adjudication also assessed Spencer $360.00 for court costs, $1,500.00 for restitution to the victim, and $450.00 for court-appointed attorney fees. On February 13, 2020, Spencer pled true to the State's allegations in its motion to revoke community supervision, and after an evidentiary hearing, the trial court revoked his deferred adjudication community supervision, adjudicated his guilt, sentenced Spencer to fifteen years' incarceration, and assessed him $917.00 for court costs and $500.00 for court-appointed attorney fees.

Spencer's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.[1] Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T. CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Spencer's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Spencer with a copy of the brief, the appellate record, and the motion to withdraw. His counsel also informed Spencer of his right to review the record and file a pro se response. On July 8, 2020, Spencer filed a pro se response to his counsel's *Anders* brief; however, that response failed to raise any viable appellate issues.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

The record shows that the judgment adjudicating guilt assessed Spencer $500.00 in fees for his court-appointed attorney. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of such fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record establishes that Spencer is indigent. Once a defendant is found to be indigent, he "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). There is no evidence in the record showing, and no determination or finding by the trial court, that Spencer had financial resources or was otherwise able to pay the court-appointed attorney fees. Therefore, the assessment of attorney fees was erroneous and should be removed.[2] *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

Also, under the section entitled "Plea to Motion to Adjudicate," the judgment adjudicating guilt reflects the plea as "NOT TRUE." However, the record shows that Spencer pled true to each of the allegations in the State's motion to revoke community supervision. We have the authority to modify the judgment to make the record speak the truth when it has been brought to our attention by any source. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App.

---

[2]The judgment adjudicating guilt also assessed Spencer $917.00 for court costs. The certified bill of costs shows that this amount included $450.00 for court-appointed attorney fees, which is the same amount of court-appointed attorney fees assessed in the order of deferred adjudication. Complaints regarding the imposition of court costs in an order of deferred adjudication are required to be asserted in a timely appeal of that order. *See Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014). This includes complaints about the assessment of court-appointed attorney fees. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). If a defendant has knowledge of the imposition of court-appointed attorney fees in a deferred adjudication order and fails to make a timely appeal of that order, he forfeits any complaint about court-appointed attorney fees assessed in the order. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Wiley*, 410 S.W.3d at 318, 321. Consequently, he may not assert the complaint in an appeal from a judgment adjudicating his guilt. *Riles*, 452 S.W.3d at 337; *Wiley*, 410 S.W.3d at 321.

In this case, the order of deferred adjudication is embossed with Spencer's right thumbprint. In addition, Spencer signed an order imposing conditions of community supervision, which included Condition 10, that required him to pay $360.00 in court costs and $450.00 in attorney fees. Spencer's handwritten initials also appear beside Condition 10. Spencer did not challenge the assessment of attorney fees on direct appeal of the order of deferred adjudication. On this record, we conclude that Spencer was aware that he was required to pay the court costs and court-appointed attorney fees, and any complaint regarding those assessments was forfeited. *See Riles*, 452 S.W.3d at 338; *Wiley*, 410 S.W.3d at 320–21. Consequently, the certified bill of costs properly included the $450.00 in court-appointed attorney fees assessed in the order of deferred adjudication.

1992).  "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so."  *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see French*, 830 S.W.2d at 609.  Therefore, we will modify the judgment to reflect Spencer's plea.

The district clerk has also supplemented the clerk's record with a certified bill of costs totaling $917.00.  The bill of costs includes entries, *inter alia*, of $56.00 for "Criminal Clerk," $180.00 for "Criminal Sheriff's Service Fee," $10.00 for "ELECTRONIC FILING FEE (CRIMINAL)," and $5.00 for "Judicial & Court Personnel Training."  "Only statutorily authorized court costs may be assessed against a criminal defendant."  *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002).  On appeal, "we review the assessment of court costs . . . to determine if there is a basis for the cost."  *Id*. at 390.

Article 102.005(a) of the Texas Code of Criminal Procedure provided, as applicable to his case, that "[a] defendant convicted of an offense in a . . . district court shall pay for the services of the clerk of the court a fee of $40."  Act of May 29, 1995, 74th Leg., R.S., ch. 764, § 1, 1995 Tex. Gen. Laws 3969, *repealed by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(2), 2019 Tex. Sess. Law Serv. 3982, 3993.[3]  Since Article 102.005(a) authorizes only a $40.00 fee for a criminal district clerk fee, the bill of cost must be modified to reflect the fee of $40.00 authorized by the

---

[3]Article 102.005 was repealed in 2019 for offenses committed on or after January 1, 2020, but remains in effect for those offenses committed before that date.  *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.19(2), 5.01, 2019 Tex. Sess. Law Serv. 3982, 3993, 4035–36.  Since the offense in this case was committed before January 1, 2020, the former article applies.  All references to Article 102.005 herein refer to the former article.

statute. *See Johnson*, 423 S.W.3d at 389; *Hubbard v. State*, No. 02-13-00300-CR, 2014 WL 1767475, at *1 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op., not designated for publication).[4]

In response to our request to the district clerk to supplement the record with any filing that supported the fees charged for "Criminal Sheriff's Service Fee," we were provided a revised certified bill of costs. The revised bill of costs itemized this $180.00 fee as $60.00 for "02.22.2016—Court Costs," $60.00 for "10.20.2016—Fiat Issued," and $60.00 for "10.21.2019—Bench Warrant Issued." The clerk's record reflects that the only item filed on or around February 22, 2016, was the indictment. We have found no statutory authority that allows charging a criminal defendant a sheriff's service fee related to the filing of an indictment. Consequently, the bill of cost must be modified by striking this $60.00 charge. *See Johnson*, 423 S.W.3d at 389; *Owen v. State*, 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, no pet.); *Pearce v. State*, No. 12-16-00320-CR, 2017 WL 3405206, at *1–2 (Tex. App.—Tyler Aug. 9, 2017, no pet.).

Article 102.011(a) of the Texas Code of Criminal Procedure authorizes charging a criminal defendant "$50 for executing or processing an issued arrest warrant, capias, or capias pro fine." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2). The clerk's record reflects that on October 14, 2016, the trial court executed a fiat directing the district clerk to issue a notice to Spencer commanding him to appear at a hearing on the State's motion to revoke community supervision and to issue a capias for Spencer's arrest. The record also shows that the district clerk issued a

---

[4]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

notice of hearing to Spencer on October 20, 2016, but it does not show that a capias warrant was issued. We have found no statutory authority that allows charging a criminal defendant a sheriff's service fee for the issuance of a fiat or for the issuance of a notice of hearing. Consequently, the bill of cost must be modified by striking this $60.00 charge. *See Johnson*, 423 S.W.3d at 389; *Owen*, 352 S.W.3d at 547–48; *Pearce*, 2017 WL 3405206, at *1–2.

Likewise, the record reflects that on October 21, 2019, the State filed an application for issuance of a bench warrant. However, the record does not show that a bench warrant was ever issued. Consequently, the bill of cost must be modified by striking this $60.00 charge. *See Johnson*, 423 S.W.3d at 389; *Owen*, 352 S.W.3d at 547–48; *Pearce*, 2017 WL 3405206, at *1–2.

Section 51.851 of the Texas Government Code authorizes charging a person convicted in district court $5.00 for an electronic filing fee. TEX. GOV'T. CODE ANN. § 51.851(d) (Supp.). Since the bill of costs reflects a charge that exceeds the authorized amount, it must be modified to reflect the charge of $5.00 authorized by the statute. *See Johnson*, 423 S.W.3d at 389; *Cheeks v. State*, No. 12-17-00027-CR, 2018 WL 1736798, at *5 (Tex. App.—Tyler Apr. 11, 2018, no pet.) (mem. op., not designated for publication).

Former Section 133.102 of the Texas Local Government Code provided that a defendant convicted of a felony shall pay a consolidated fee of $133.00 in addition to other court costs. Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), sec. 133.102(a)(1), 2003 Tex. Gen. Laws, 979, 996 (amended 2019) (current version at TEX. LOC. GOV'T. CODE § 133.102(a)(1)(Supp.)).[5] That

---

[5]Section 133.102(a)(1) was amended in 2019 and raised this fee to $185.00 for offenses committed on or after January 1, 2020, but the former fee of $133.00 remains in effect for those offenses committed before that date. *See* Act of

article also required the comptroller to allocate the court costs received from the consolidated fees to certain accounts and funds, including the account for judicial and court personnel training, "so that each receives to the extent practicable, [using] historical data as applicable, the same amount of money the account or fund would have received if the court costs for the accounts and funds had been collected and reported separately." Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, sec. (e)(10), 2017 Tex. Gen. Laws 3911 (amended 2019) (current version at TEX. LOC. GOV'T. CODE § 133.102(e)(10)(Supp.)). Since Section 133.102 allocated a percentage of the consolidated fee for "judicial and court personnel training," a separate fee may not be assessed for judicial and court personnel training. *See Jackson v. State*, 562 S.W.3d 717, 723–24 (Tex. App.—Amarillo 2018, no pet.). Consequently, the bill of costs must be modified by striking the fee charged for "Judicial & Court Personnel Training." *Id.*

The bill of costs reflects a total cost of $917.00. However, the total authorized costs that are supported by the record total $711.00. Consequently, we modify the bill of costs to reflect a total cost of $711.00.

The trial court's judgment adjudicating guilt assessed court costs of $917.00. The trial court also entered an order to withdraw funds for the assessed fees in the amount of $917.00. Since the total authorized costs that are supported by the record total $711.00, the trial court's judgment and order to withdraw funds must be modified to reflect costs assessed in the amount of $711.00.

---

May 23, 2019, 86th Leg., R.S., ch 1352, §§ 1.03(a)(1), 5.01, 2019 Tex. Sess. Law Serv. 3982–83, 4035–36. Since the offense in this case was committed before January 1, 2020, the former article applies. All references to Section 133.102(a)(1) herein refer to the former article.

*Disposition*

We modify the judgment adjudicating guilt by deleting the court-appointed attorney fees, by changing the assessed court costs to $711.00, and by changing the plea in the section entitled "Plea to Motion to Adjudicate" from "NOT TRUE" to "TRUE." We modify the order to withdraw funds to reflect costs in the amount of $711.00. We modify the bill of costs by changing the cost for "Criminal Clerk" to $40.00, by deleting the entry for "Criminal Sheriff's Service Fee," by changing the cost for "ELECTRONIC FILING FEE (CRIMINAL)" to $5.00, by deleting the entry for "Judicial & Court Personnel Training," and by changing the "TOTAL COST OF CAUSE" to $711.00.

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Therefore, we affirm the trial court's judgment, as modified.[6]

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 11, 2020
Date Decided:      August 17, 2020

Do Not Publish

---

[6]Since we agree that this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.