

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00108-CR

_____

JEREMY SHANE LOWE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2019-C-129

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

A bench trial resulted in the trial court's finding that Jeremy Shane Lowe was guilty of attempted harassment of a public servant, a state jail felony. *See* TEX. PENAL CODE ANN. §§ 15.01, 22.11(a)(3). The trial court sentenced Lowe to two years' incarceration but suspended the sentence in favor of placing Lowe on community supervision for three years. Lowe appeals.

Lowe's attorney has filed a brief that states that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 26, 2021, counsel mailed to Lowe a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Lowe's signature. Counsel informed Lowe of his rights to review the record and file a pro se response. On January 26, this Court informed Lowe that his pro se motion for access to the appellate record was due on or before February 10. By letter dated February 23, this Court informed Lowe that any pro se response was due on or before March 25. On March 31, this Court further informed Lowe that

2

the case would be set for submission on the briefs on April 21. We received neither a pro se response from Lowe nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the judgment and the bill of costs.

The record demonstrates that this case did not involve a plea bargain agreement and that Lowe pled not guilty to the offense. Even so, the judgment mistakenly recites that Lowe pled guilty to the offense and contains the following phrase under a section labeled "Terms of Plea Bargain": "Two Years Incarceration TDCJ state jail; Probated (3) Three Years Adjudicated Community Supervision." In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) ("comprehensively discussing appellate cases that have modified judgments" in *Anders* cases)). As a result, we modify the trial court's judgment to reflect (1) that Lowe pled not guilty to the offense and (2) that there was no plea bargain agreement in this case.

Next, the bill of costs imposes a conditional time payment fee because it states, "If total court costs, reimbursement fees, and fines are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed." The bill of costs cites Article 102.030 of the Texas Code of Criminal Procedure in support. Even so, the Texas Court of Criminal

3

Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Also, this Court has held that a conditional time payment fee must be deleted, and we find the reasoning in our prior case persuasive. *See Villegas v. State*, No. 06-20-00063-CR, 2021 WL 2446747, at *2 (Tex. App.—Texarkana June 16, 2021, no pet. h.) (mem. op.).[1] As a result, we delete the time payment fee.

We modify the bill of costs by deleting the phrase "[i]f total court costs, reimbursement fees, and fines are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed." We modify the trial court's judgment to show that Lowe pled not guilty to the indictment. We also modify the judgment by deleting the phrase "Two Years Incarceration TDCJ state jail; Probated (3) Three Years Adjudicated Community Supervision" from the section of the judgment labeled "Terms of Plea Bargain."

---

[1]"Although unpublished cases have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

As modified, we affirm the trial court's judgment.[2]

                                            Scott E. Stevens
                                            Justice

Date Submitted:      April 21, 2021
Date Decided:        July 15, 2021

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.